```
                        United States District Court
                          District of Massachusetts
_____
                                    )
MICHELLE MOODY, on behalf of        )
K.T.,                               )
        Plaintiff,                  )
                                    )     Civil Action No.
        v.                          )     09-10232-NMG
                                    )
MICHAEL J. ASTRUE, as               )
Commissioner of the Social          )
Security Administration,            )
        Defendant.                  )
_____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

Pending before the Court are cross-motions by the parties, Michelle Moody, on behalf of her minor child K.T. ("plaintiff"), and Michael J. Astrue, as Commissioner of the Social Security Administration ("the Commissioner" or "defendant"). Plaintiff moves to reverse the Commissioner's decision or alternatively to remand the case, whereas the Commissioner moves for an order affirming the denial of benefits.

The motions were referred to Magistrate Judge Marianne B. Bowler, who issued a Report and Recommendation ("R&R") on March 15, 2011, recommending that plaintiff's motion to reverse or remand be denied and the Commissioner's motion to affirm be allowed. Plaintiff timely objected to the R&R, enumerating three objections.

Plaintiff's first objection with respect to the case caption is well-taken and will be sustained. The caption on the R&R has been revised to identify the minor plaintiff only by her initials, rather than her full name.

In her remaining objections, plaintiff contends that a "sentence six" remand, i.e. a remand pursuant to sentence six of 42 U.S.C. § 405(g), is available and appropriate here. As plaintiff herself acknowledges, however, there is First Circuit case law directly to the contrary which states that a "sentence six" remand is not available if the new evidence was proffered for the first time to the Appeals Council and not this Court. See, e.g., Rosado v. Barnhart, 340 F. Supp. 2d 63, 67 n.1 (D. Mass. 2004) (noting plaintiff had to proceed under Mills v. Apfel, 244 F.3d 1 (1st Cir. 2001) because "sentence six" only applies when the new evidence is presented for the first time to the district court). Because K.T.'s individualized education program ("IEP") had not been implemented at the time of the ALJ's decision but was presented to the Appeals Council, Mills applies. This Court agrees with the Magistrate Judge's analysis under Mills and will therefore overrule plaintiff's remaining objections and accept and adopt the R&R.

**ORDER**

In accordance with the foregoing,

1) after consideration of plaintiff's objections thereto, the R&R (Docket No. 20) is **ACCEPTED and ADOPTED**; and

2) plaintiff's objections to the R&R (Docket No. 21) will be, with respect to objection #1, **SUSTAINED**, but otherwise, **OVERRULED**.

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated March 30, 2011